ENTERED
APR 0 4 2008
K.R.W.

FILED
at ___ O'clock & ___ min. ___ M
APR  4 2008
United States Bankruptcy Court
Columbia, South Carolina

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:

Henry M. Proveaux,

Debtor(s).

C/A No. 07-05384-JW

Chapter 11

**ORDER**

This matter comes before the Court on confirmation of Henry M. Proveaux's ("Debtor") chapter 11 plan. This Court has jurisdiction pursuant to 28 U.S.C. § 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), and (O). Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 7052, the Court makes the following Findings of Fact and Conclusions of Law.[1]

## **FINDINGS OF FACT**

1. Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code on October 2, 2007.

2. The scheduled value of Debtor's assets exceeds the Debtor's scheduled liabilities by more than six million dollars. The majority of Debtor's assets are various pieces of real property located in South Carolina.

3. On December 21, 2007, Debtor filed a chapter 11 plan and disclosure statement. The plan provides for Debtor to sell his real property holdings to pay all creditors in full. Specifically, the plan and disclosure statement provide "[i]f there has not been sufficient proceeds from the sale of the Debtor's real property generated to pay off all Creditors in full by May 1, 2008, the Debtor will retain the services of a licensed auctioneer to sell the remaining properties by public auction, allowing for a Forty Five (45) day notice of sale period and Forty

---

[1] To the extent any Findings of Fact constitute Conclusions of Law, they are adopted as such. To the extent any Conclusions of Law constitute Findings of Fact, they are so adopted.

Five (45) days to close...." Debtor also indicated that, during the period Debtor was seeking to sell his properties, he was also seeking to refinance the debt on his properties so that he may use proceeds from the refinancing to pay creditors in full as an alternative to the sale and auction process described in the plan.

4. Debtor's original disclosure statement stated that Debtor has no executory contracts.

5. On January 9, 2008, on motion of Debtor, the Court conditionally approved the disclosure statement filed December 21, 2007 and set February 10, 2008 as the last day to object to the plan and disclosure statement and to file ballots. The Court scheduled a hearing on confirmation for February 20, 2008.

6. Debtor filed an amendment to the plan and disclosure statement on January 17, 2008. The amended disclosure statement indicated that Debtor intended to assume a lease with his son Charles A. Proveaux for the lease of certain property on Deerwood Drive, which was previously sold to a third party pursuant to an order entered December 6, 2007. Debtor's first amendment to the plan accelerated payment to the Class II creditor and provided that the Class XII creditor would be paid from the sale of specific property. Debtor failed to amend the plan to seek assumption of the lease with his son.

7. Debtor filed a ballot tally on February 14, 2008, which indicated that all creditors who filed ballots voted in favor of the plan including at least one impaired class.

8. On oral motion of Debtor at the confirmation hearing on February 20, 2008, the Court continued the hearing on final approval of the disclosure statement and confirmation of the chapter 11 plan so that Debtor could resolve objections filed by PRAMCO CV6, LLC.

2

9. On February 28, 2008, Debtor filed a second amendment to the chapter 11 plan. The amendment changed the "effective date" of the plan from thirty days after plan confirmation to August 1, 2008.

10. Debtor again moved at the continued confirmation hearing on March 4, 2008 to continue the hearing on confirmation of the chapter 11 plan based upon unspecified feasibility issues. The Court continued the hearing on confirmation until March 20, 2008.

11. By order entered March 5, 2008, without objection from a party in interest and based upon the presentation of Debtor's counsel, the Court approved the disclosure statement filed on December 21, 2007, as amended on January 17, 2008.

12. On March 17, 2008, Debtor filed a third amendment to the chapter 11 plan. The third amendment changed the effective date of the plan from August 1, 2008 to September 1, 2008. It also revised section II, titled "Funding of the Plan," to remove Debtor's obligation to auction his property on May 1, 2008 and provide that creditors, who are not paid by the effective date, may obtain stay relief on an *ex parte* basis.

13. Debtor filed a fourth amendment to the plan on March 18, 2008. The amendment changed the treatment of Debtor's Class XII creditor to provide this creditor with an additional claim for attorney's fees and to change the specific property that will be liquidated to pay the creditor's claim.

14. Debtor's certificates of service for the second, third, and fourth amendments to the plan do not indicate that Debtor provided creditors with additional ballots for the plan, as amended by these three amendments.

15. Debtor filed a second ballot tally on March 20, 2008, which indicates acceptance of the plan by the Class XII creditor and two unsecured creditors. Debtor also filed the

corresponding three ballots reflected in the second tally. The ballots do not clearly indicate which version of the chapter 11 plan these three creditors were accepting because the ballots refer to the plan of December 21, 2007. However, these creditors executed each ballot after the fourth amendment to the plan.

16.    At the confirmation hearing on March 20, 2008, Debtor orally moved to extend time to file ballots until March 20, 2008. The Court granted this motion and took under advisement the issue of confirmation. At the confirmation hearing, Debtor submitted a proposed order confirming the plan. The proposed order changed the treatment of Debtor's Class V creditor to reflect that the creditor would be paid in full according to the applicable contract rather than on or before the effective date of the plan.[2]

17.    Following the hearing on confirmation, Debtor submitted a second proposed order confirming the chapter 11 plan in which Debtor also sought to assume a lease with his son on the property previously sold by order of the Court on December 6, 2007.[3] Debtor's cover letter with the second proposed order stated that his failure to assume the lease in the plan was an oversight and that he believed provisions of the amended disclosure statement should be incorporated into the plan by reference.

## CONCLUSIONS OF LAW

A chapter 11 plan may not be confirmed unless it meets the standard for confirmation under 11 U.S.C. § 1129. The plan proponent bears the burden of proving each element of 11 U.S.C. § 1129(a). See In re Dunes Hotel Associates, 188 B.R. 174, 183 (Bankr. D.S.C. 1995).

---

[2]    Debtor represented to the Court that the Class V creditor consented to this treatment.
[3]    By a separate contested matter, Debtor is disputing whether he is obligated to convey the property at issue to the parties purchasing the property under the December 6, 2007 sale order. The central dispute between these parties revolves around the existence and type of lease with Debtor's son.

4

Relevant to confirmation of this plan is whether Debtor, as the plan proponent, has complied with applicable provisions of the Bankruptcy Code as required by 11 U.S.C. § 1129(a)(2). A principal purpose of 11 U.S.C. § 1129(a)(2) is to ensure that the plan proponent complies with the disclosure and balloting requirements of 11 U.S.C. § 1125. See In re Seatco, Inc., 257 B.R. 469, 479 (Bankr. N.D. Tex. 2001). Full and fair disclosure is required throughout the reorganization process so that creditors may make informed judgments about the plan. See In re Momentum Manufacturing Corp., 25 F.3d 1132, 1136 (2nd Cir. 1994). Creditors deprived of adequate notice or of a meaningful opportunity to vote are denied due process. See In re 50-Off Stores, Inc., 231 B.R. 592, 594-595 (Bankr. W.D. Tex. 1999) (citing Piedmont Trust Bank v. Linkous (In re Linkous), 990 F.2d 160, 162 (4th Cir. 1993)).

In this case, Debtor has amended his plan on four occasions, but he has only once amended his disclosure statement and resolicited ballots. Although Debtor is allowed to amend his plan at any time before confirmation, the modified plan must meet the requirements of 11 U.S.C. § 1125. See 11 U.S.C. § 1127. Congress recently amended 11 U.S.C. § 1127 to add subsection (f) to provide that a "plan, as modified, shall become the plan only after there has been disclosure under section 1125 as the court may direct, notice and a hearing, and such modification is approved." See 11 U.S.C. § 1127(f)(2). The amendment appears to further emphasize the need for disclosure and court supervision over amendments to plans.[4] The literal terms of 11 U.S.C. § 1127(c) and (d) appear to indicate that a plan proponent should amend the disclosure statement and resolicit ballots after each amendment to a plan; however, the majority of courts have found that foregoing is not necessary if amendments are minor or technical in

---

[4] One commentator has observed that Congress only intended for subsection (f) to apply to post-confirmation amendments in the chapter 11 cases of individual debtors but that a literal reading of the statute makes it applicable to all chapter 11 debtors for pre-confirmation amendments. See 7 Lawrence P. King, Collier on Bankruptcy ¶ 1127.LH[e], at 1127-15, n. 9 (15th ed. 2007).

5

nature so as not to adversely affect the rights of creditors. See In re Dow Corning Corp., 237 B.R. 374, 378 (Bankr. E.D. Mich. 1999). In re American Solar King Corp., 90 B.R. 808, 823 (Bankr. W.D. Tex. 1985); H.R.Rep. No. 595, 95th Cong. 1st Sess. 411 (1977) (indicating that an amended disclosure statement is not required if the amendment is "sufficiently minor"). If the amendments are material and adversely affect the way creditors are treated, 11 U.S.C. § 1127 requires a new disclosure statement and balloting of the amended plan. See Enron Corp. v. New Power Co. (In re New Power Co.), 438 F.3d 1113, 1117-1118 (11th Cir. 2006) (holding that a new disclosure statement and vote are required if an amendment materially and adversely changes the way a claim or interest holder is treated); In re Frontier Airlines, Inc., 93 B.R. 1014, 1023 (Bankr. D. Colo. 1988). Once a material amendment is made, creditors are entitled to twenty days notice of the time fixed to accept or reject a proposed modification of a plan. See Fed. R. Bankr. P. 2002(a)(5).

Whether an amendment is material is a mixed question of law and fact. See New Power, 438 F.3d at 1117. There appear to be two competing tests to determine whether a change is material. Under the Solar King case, a modification is only material if the creditors accepting the plan would be apt to reconsider acceptance. See Solar King, 90 B.R. at 824. The Frontier Airlines court rejected this test, because it placed the court in a position of weighing what each creditor may do, in favor of a streamline test that simply reviewed whether the amendment "adversely affects the interests of a creditor who has previously accepted the plan, in more than a purely ministerial *de minimis* manner." See Frontier Airlines, 93 B.R. at 1023. This test allows creditors to make the baseline decision as to whether they favor the plan as amended. See id. at 1023, n. 3. This Court believes that the Frontier Airlines test is the better test for materiality since it removes the Court from speculating as to what a creditor may do with its ballot.

However, under either test, Debtor's amendments to the plan are material and require an amended disclosure statement and solicitation of ballots.

Debtor's third amendment to the plan adversely and materially affects creditors in two respects. First, it removes the auction provision from the plan. This provision was a central feature of Debtor's plan and disclosure statement and assured creditors that Debtor would submit his real property to liquidation if he was unable to sell his property in the ordinary course. Given the significant value of Debtor's real property, an auction of the property, at the estate's expense, would have yielded sufficient funds to pay all creditors in full and with interest. As amended, the plan only provides that Debtor will attempt to sell his property or refinance the debt on his property to pay creditors in full by September 1, 2008. The amended plan does not appear to compel Debtor to do anything to satisfy his creditors but gives Debtor the protection of the automatic stay for a period of months and allows him the option of selling his property, if he so chooses. A second related feature of the new plan is that, if Debtor is unable to sell or refinance the debt on his property, unpaid creditors may seek *ex parte* relief from the automatic stay. Combined, these new features remove the prior certainty of payment under the plan and shift the burden and cost of collection to unpaid creditors on September 1, 2008, who may be forced to pursue Debtor in state court to obtain a judgment and execute on the same before they recover the amount of their claim. Debtor has not solicited this change to the plan for acceptance and creditors did not have the required time period to vote for acceptance or rejection of the change before the confirmation hearing. See Fed. R. Bankr. P. 2002(a)(5) (requiring twenty days notice for creditors to vote for acceptance or rejection of a plan modification). Because Debtor failed to amend his disclosure statement and failed to solicit acceptance of the amended plan, the plan cannot be confirmed pursuant to 11 U.S.C. § 1129(a)(2). See Frontier Airlines, 93 B.R. at 1023.

Based upon the foregoing, confirmation of Debtor's chapter 11 plan filed on December 21, 2007 and as amended on March 17, 2008 is denied. Within ten (10) days from the entry of this order, Debtor shall solicit ballots for the plan, as amended, and, if necessary, file an amended disclosure statement and an amended plan.

**AND IT IS SO ORDERED.**

                                            /s/ John E. Waites
                                    UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
April 4, 2008